**Benjamin L. and Flora Dade WATSON, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C82–319T.**

United States District Court, W.D. Washington, at Tacoma.

June 21, 1983.

TANNER, District Judge.

THE PARTIES have filed cross-motions for summary judgment. The issue presented by each party's motion is whether Plaintiffs are exempt from paying Federal Income Taxes on income derived from work on the Panama Canal Commission and are thus entitled to a refund on taxes paid for 1979 in connection with this work.

Having considered the entirety of the records and file herein, the Court now finds and rules as follows:

1. This Court has jurisdiction over this case and controversy pursuant to the provisions of Title 28 U.S.C. § 1346(a)(1), Title 26 U.S.C. § 7422, and Title 26 U.S.C. § 894.

2. Plaintiff was hired to work for the Panama Canal Commission (P.C.C.) after the United States and Panama entered into the Panama Canal Treaty of 1977. Plaintiff received income as a result of work for the P.C.C., and paid $4,076.73 in taxes on wages earned from the P.C.C.

3. Treaties are the supreme law of the land. U.S. Constitution, Art. VI. The power of the president to enter into treaties is granted by Art. II, section 2. "Article II" treaties are negotiated and concluded by the President with the advise and consent of the Senate. The President also has power to negotiate and conclude agreements with foreign nations without complying with the formalities required by Art. II. *See, e.g., Dames & Moore v. Regan,* 453 U.S. 654, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981). "Even though such agreements are not treaties under the treaty clause of the Constitution, they may in appropriate circumstances have an effect similar to treaties in some areas of domestic law." *Weinberger v. Rossi,* 456 U.S. 25,

30, n. 6, 102 S.Ct. 1510, 1514, n. 6, 71 L.Ed.2d 715 (1982). Art. XV, of the Agreements in Implementation of the Panama Canal Treaty is such a "treaty" provision affecting the domestic law of taxation.

4. Art. XV of the Agreements in Implementation of the Panama Canal Treaty does not exempt the payment of income taxes to the United States. Art. XV, Paragraph one (1) sets out the purpose of the article; i.e., to exempt the P.C.C. and its employees from payment of Panamanian taxes, fees or other charges on their activities or property. Art. XV, Paragraph two (2) addresses the exemption of income from taxation. The Department of State's analysis of Art. XV supports the Court's interpretation. *See,* Report by the Senate Foreign Relations Committee on Executive N, 95th Congress, 1st Session, Part X (Executive Report # 95–12).

5. Plaintiffs' assertion that Art. XV should be construed as an unambiguous document, without resort to extrinsic evidence, is erroneous. The meaning attributed to Treaty provisions by the government agencies charged with their negotiation and enforcement is entitled to great weight. *See, Sumitomo Shoji America, Inc. v. Avagliano,* 457 U.S. 176, 102 S.Ct. 2374, 2379, 72 L.Ed.2d 765 (1982), *citing, Kolovrat v. Oregon,* 366 U.S. 187, 194, 81 S.Ct. 922, 926, 6 L.Ed.2d 218 (1961). The state department officials involved with negotiating the Panama Canal Treaty, through the custodian of declassified records of the negotiations have presented a very strong showing that the United States' intent was to prevent Panama from imposing taxes upon United States citizens working for the United States government in Panama, and that the exemption of United States citizens from United States income tax is purely a sovereign power, not subject to negotiation with a foreign nation. The Court agrees with the governments interpretations and Defendant is entitled to summary judgment as a matter of law. Federal Rules of Civil Procedure Rule 56. Accordingly,

Plaintiffs' Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. Plaintiffs' suit is hereby dismissed with prejudice.